**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ADAM LIPINSKI, ERIC GARCIA, and KAMIL KULIG, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>APPROVED PLUMBING AND FIRE PROTECTION LLC as successor in interest to CITY PLUMBING; APPROVED OIL CO. OF BROOKLYN, INC., VINCENT THEURER; IRA AUSLANDER<br><br>     Defendants. | Civil Action No. 1:19-cv-04534<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiffs, individually and on behalf of all others similarly situated, by their attorneys, The Law Office of Christopher Q. Davis, PLLC, allege, upon personal knowledge and upon information and belief as to other matters, as follows:

## NATURE OF ACTION

1. This is a collective and class action brought by Lead and Putative Class Representative Plaintiffs Adam Lipinski, Eric Garcia, and Kamil Kulig, (together, the "Representative Plaintiffs" or "Lead Plaintiffs"), any other individuals who file a consent to join form with the Clerk of the Court (the "Opt-Ins"), and all putative plaintiffs (collectively, the "Plaintiffs"), on their own behalf and on behalf of the putative Collective Class and putative Rule 23 class identified below.  Plaintiffs and the putative Class Members and putative Collective Members were or are employed by Defendants Approved Plumbing and Fire Protection LLC ("Approved Plumbing"), Approved Oil Co. of Brooklyn, Inc. ("Approved Oil", together with

Approved Plumbing, referred to herein as "Approved" or "Corporate Defendants"), Vincent Theurer ("Theurer"), and Ira Auslander ("Auslander", together with Theurer the "Individual Defendants", and the Individual Defendants together with the Corporate Defendants are referred to herein as the "Defendants") as non-exempt hourly Foremen/Field Mechanics and were denied overtime premium compensation by requiring they to work "off-the-clock" and/or shaving time off their clocked time. Defendants also failed to provide Plaintiffs and the putative Class with wage notices and with accurate wage statements in violation of New York Labor Law ("NYLL") §195(1) and (3). The putative Class and Collective are similarly situated to the Plaintiffs under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and have suffered the same violations pursuant to Defendants' common policies and practices.

2. The Collective is made of all persons who are or have been employed by Defendants as Foreman/Field Mechanics any time within the seven years prior to this action's filing date through the date of the final disposition of this action (the "Collective Period") and who were subject to Defendants' unlawful policy of failing to pay overtime premiums for all hours worked over 40 in a given workweek, and failing to keep accurate records of hours Plaintiffs actually worked.

3. The Class is made up of all persons who are or have been employed by Defendants, and any successors in interest, as Foreman/Field Mechanics within the period of seven years prior to this action's filing date through the date of the final disposition of this action (the "Class Period") and who were subject to Defendants' unlawful policy and/or practice of failing to pay Plaintiffs gap time compensation and overtime premiums for all hours worked over 40 in a given workweek, and Defendants' unlawful practice of failing to keep accurate records of hours Plaintiffs actually worked and failing to provide Plaintiffs with accurate wage notices and wage statements.

4.     Plaintiffs seek relief for the Class pursuant to the applicable provisions of the NYLL and Collective under the FLSA, to remedy the Defendants' failure to pay all wages due.

## PARTIES

5.     Individual and Representative Plaintiff Adam Lipinski is a former Field Mechanic and presently and at all relevant times resided in Brooklyn, New York.  He began his employment with Defendants in February 2018 and was terminated in August 2018.

6.     Individual and Representative Plaintiff Eric Garcia is a former Field Mechanic and at all relevant times resided in Brooklyn, New York.  He began his employment with Defendants in 2014 and was terminated in December 2018.

7.     Individual and Representative Plaintiff Kamil Kulig is a former Field Mechanic and at all relevant times resided in Brooklyn, New York.  He began his employment with Defendants in 2012 and was terminated in August 2018.

8.     Defendants Approved Oil and Approved Plumbing are New York corporations with principal places of business at 6717 Fourth Avenue, Brooklyn, NY 11220.

9.     The Individual Defendants, upon information and belief, reside in New York state and maintain their principal place of business at 6717 Fourth Avenue, Brooklyn, NY 11220.

10.     Lead Plaintiffs and the putative Class and putative Collective are presently or were previously employed by the Defendants as a single employer.

11.     Prior to their official employment by "Approved Plumbing," lead Plaintiffs and the putative Class and putative Collective were employed by City Plumbing, a New York corporation with its principal place of business in Brooklyn, NY. In or around December 2016, City Plumbing was purchased and acquired in full by Approved Plumbing, as a subsidiary of Approved Oil.

12.     Following the acquisition, as set forth below, Defendants maintained a substantial continuity of business operations – Approved Plumbing uses substantially the same work force, substantially the same supervisory personnel, the same machinery, equipment, and methods of production and provides the same product/service as City Plumbing once did.

13.     Following the establishment of Approved Plumbing under the Approved Oil umbrella, Defendants maintained an intentional unity of operations with respect to technical services provided to customers, including plumbing services and centralized control of labor relations, common management, and common ownership or financial control of all the operations previously under the City Plumbing title.

14.     Immediately following the transition Approved Oil merged its newly acquired plumbing operations with its pre-existing Approved branded operations, and Approved Plumbing was officially formed on February 24, 2016.

15.     The creation of Approved Plumbing was "effective immediately" and those individuals who worked at City Plumbing were "re-hired" by Approved to work in what was effectively the same exact job, for the same exact company, but under new branding as Approved.

16.     Lead Plaintiffs and the putative Class and Collectives' health and other insurance benefits were by and through Approved Oil.

17.     At all relevant times, all the Defendants have met the definition of Plaintiffs' "employer" under Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL §190(3).

18.     Upon information and belief, Defendants maintain control, oversight, and direction over their operations and employment practices, including commonly managed human resources, benefits, and labor functions.

19.     The Defendants have operated together as a single common enterprise in conducting business, including the business practices described in this Complaint. The Defendants are interrelated companies that have common ownership, officers, managers, supervisors, product, and corporate purpose.

20.     At all times hereinafter mentioned, Defendants employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials have moved in or produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) &(s).

21.     Defendants' gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## JURISDICTION & VENUE

22.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332.

23.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 207 et seq.

24.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

25.     Venue is proper in the United States District Court, Eastern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiffs' claims occurred in this District.

26.     This Court has personal jurisdiction over Defendants because they reside in and routinely transact business in New York.

## WAGE AND HOUR COLLECTIVE CLASS
## AND CLASS ACTION FACTUAL ALLEGATIONS

27.     Approved Oil is an oil company with operations in the New York metropolitan area.

28.     Approved Oil has expanded its services to offer total care for customers' heating equipment, including preventive maintenance, emergency service and installation of new equipment.

29.     In line with expanding its services offered, in 2016 Approved Oil added Approved Plumbing to their business portfolio by buying the plumbing sector of City Plumbing.

30.     As such, Approved Oil and Approved Plumbing became the successor in interest to City Plumbing.

31.     Approved Plumbing utilizes in-house Field Mechanics to provide commercial and residential technical support for their customers, including fire sprinkler repairs and installations, emergency response plans, backflow prevention design, testing and installation, grease trap and grease interceptor installation, Con-Ed high pressure steam station services, gas lines, gas meters, gas testing and gas boosters, water meter installations and permitting for domestic and fir service water maters, all commercial plumbing repairs and installations.

32.     Defendants have a principal place of business in Brooklyn, New York, through which Approved provides customer service support to residential and commercial customers within the New York City Metropolitan area.

33.     Upon information and belief, Defendants have employed over 40 in-house Field Mechanics within the Class Period.

**Defendants' Unlawful "Off the Clock" Practice of Forcing Plaintiffs to Work During Unpaid Lunch Breaks.**

34.     In order to provide Approved customers with adequate service, Defendants require non-exempt hourly Field Mechanics to meet demanding productivity requirements each workday, forcing Plaintiffs to work in excess of 40 hours per week in order to avoid disciplinary action.  As a result, Plaintiffs regularly worked "off-the-clock" through their unpaid half-hour meal breaks.

35.     Field Mechanics are assigned to weekly shifts that consist of 5 consecutive 8.5-hour days, or 42.5 hours a week, with a half-hour meal period that is automatically deducted from each daily shift.

36.     ClockShark was the timekeeping software that Plaintiffs were required to use during the workday to track their activities.  ClockShark was implemented approximately 3 years ago.  Prior to ClockShark, Plaintiffs were required to use paper timesheets to record their time.

37.     ClockShark included an application on the Plaintiffs phones, which they were expected to use to clock in and out of their assignments throughout the day.

38.     For example, Plaintiffs would clock in when they got to the base in the morning, then they would clock in again when they arrived at their job site.  This would effectively record the amount of time it took for them to drive from the base to their first job site.

39.     Plaintiffs were told they were required to clock out for lunch and indicate on ClockShark that they took a 30-minute lunch break.

40.     However, given the demands to complete jobs in a tight schedule, Plaintiffs would "show" a lunch but then continue working at the job site they were at or otherwise drive to their next job site.

41.     For example, on several occasions, Plaintiff Adam Lipinski was recorded to have taken a 30-minute lunch break at 12:30 pm, but was also required to drive during that break, during which he ate his lunch while working.

42.     While the ClockShark software tracks Field Mechanics' schedules on a daily basis, Plaintiffs are not paid based on their time logged in ClockShark.  Rather, Defendants automatically deduct time from the hours recorded on ClockShark when issuing Plaintiffs the pay.

43.     For example, the week ending March 11, 2018 Plaintiff Lipinski's ClockShark records showed that he worked 40 hours of "REG" and 13 hours and 31 minutes of "OT".  Plaintiff Lipinski's corresponding paycheck and statement reflect that he was paid for 40 hours at his regular rate and only 8 hours of OT.

44.     The week March 18, 2018, Plaintiff Lipinski's ClockShark records showed that he worked 40 hours "REG" and 4 hours and 37 minutes of "OT" but was only paid for 1 hour of OT on his paycheck that week.

45.     The week March 25, 2018, Plaintiff Lipinski's ClockShark records showed that he worked 40 hours "REG" and 5 hours and 17 minutes of "OT" but was only paid for 1 hour of OT on his paycheck that week.

46.     The week April 1, 2018, Plaintiff Lipinski's ClockShark records showed that he worked 9 hours "REG" but he was only paid for 8 hours of REG on his paycheck that week.

47.     When the paper timesheets were used, there was no space for Plaintiffs to record when they started and stopped their lunch break or that they worked through a lunch break, nor did Defendants require Field Mechanics to record this information.

48.     During the time when paper timesheets were utilized, Plaintiffs' supervisors were responsible for inputting each Field Mechanics time into the payroll system.

49.     Defendants, pursuant to commonly enforced policies and practices, failed to provide Plaintiffs with any means or method, let alone any procedure, for recording actual hours worked during unpaid lunch breaks.  This violates the NYLL and FLSA, which require employers

to maintain accurate payroll records.  Indeed, even when Plaintiffs attempted to record a missed lunch or made verbal reports to their supervisors that they worked through lunch, they were not paid for this time worked despite the awareness of Approved's management, in violation of the FLSA.

50.     As a result of Defendants failure to maintain accurate payroll records that reflect that actual amount of time that Plaintiffs worked, Defendants failed to furnish Plaintiffs and members of the Class with accurate and/or complete wage statements on each payday, that included the total hours worked each week and the full amount of wages earned during the pay period.

**Defendants' Unlawful "Off the Clock" Practice of Forcing Plaintiffs to Perform Post-Shift Work After Clocking Out.**

51.     When the paper timesheets were used, there was no space for Plaintiffs to record when they started and stopped their lunch break or that they worked through a lunch break, nor did Defendants require Field Mechanics to record this information.

52.     During the time when paper timesheets were utilized, Plaintiffs' supervisors were responsible for inputting each Field Mechanics time into the payroll system.

53.     Defendants, pursuant to commonly enforced policies and practices, failed to provide Plaintiffs with any means or method, let alone any procedure, for recording actual hours worked during unpaid lunch breaks.  This violates the NYLL and FLSA, which require employers to maintain accurate payroll records.  Indeed, even when Plaintiffs attempted to record a missed lunch or made verbal reports to their supervisors that they worked through lunch, they were not paid for this time worked despite the awareness of Approved's management, in violation of the FLSA.

54.     As a result of Defendants failure to maintain accurate payroll records that reflect that actual amount of time that Plaintiffs worked, Defendants failed to furnish Plaintiffs and members of the Class with accurate and/or complete wage statements on each payday, that included the total hours worked each week and the full amount of wages earned during the pay period.

**Defendants' Unlawful Practice of Shaving Time Off Plaintiffs Recorded Time.**

55.     ClockShark was the timekeeping software that Plaintiffs were required to use during the workday to track their activities.  ClockShark was implemented approximately 3 years ago.  Prior to ClockShark, Plaintiffs were required to use paper timesheets to record their time.

56.     ClockShark included an application on the Plaintiffs phones, which they were expected to use to clock in and out of their assignments throughout the day.

57.     Field Mechanics are assigned to weekly shifts that consist of 5 days, working from 7:00 A.M. to 3:30 P.M. each day.

58.     For each day worked, the ClockShark schedule reads only from 7:00 A.M. to 2:30 P.M. Employees were expected to work until the assigned 3:30 P.M. time each day, regardless of the official ClockShark timing.

59.     Defendants alleged to pay the extra hour worked as an "over-time" hour. However, this rarely was seldom paid to employees.

60.     Defendants alleged to pay only until the assigned time of 3:30 P.M. Defendants pressured the Field Mechanics to work longer than 3:30 P.M., however, and Field Mechanics were not compensated for this time.

61.     As a result of Defendants failure to maintain accurate payroll records that reflect that actual amount of time that Plaintiffs worked, Defendants failed to furnish Plaintiffs and

members of the Class with accurate and/or complete wage statements on each payday, that included the total hours worked each week and the full amount of wages earned during the pay period.

**Defendants Have Knowledge Of The Widespread "Off-The-Clock" Practices**

62. Defendants' knowledge of the pervasive and widespread nature of the off-the-clock violations alleged herein is well documented and implicates all levels of management – all the way up to Ira Auslander, the CEO of Approved Plumbing, in willful violations of the labor laws.

63. Plaintiffs frequently reported – through ClockShark and otherwise – that they were forced to work through their unpaid lunch without compensation.

64. In fact, Plaintiffs were directed by management, including Auslander and his son, Josh Auslander, to clock out for lunch and continue working.

65. The Representative Plaintiffs complained about working through lunch to management on numerous occasions throughout the Class and Collective Period.

66. The Plaintiffs' collective frustration with working through their unpaid lunch on an almost daily basis was well known by Approved management.

67. As to the off-the-clock time both pre-and post-shift, Approved undeniably had knowledge of such off-the-clock work because it was performed at the direction of management and was explicitly unreported at management's direction.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

68. Plaintiffs incorporate by reference all of the factual allegations made in the preceding paragraphs.

69. Defendants employed Plaintiffs during the Collective Period.

70.     Defendants classified Plaintiffs and Members of the Collective as nonexempt for the purposes of the FLSA.

71.     Upon information and belief, there are approximately more than 40 current and former Field Mechanics who are similarly situated to Plaintiffs and who were denied overtime compensation.

72.     The Lead Plaintiffs represent other Field Mechanics and are acting on behalf of Defendants' current and former Field Mechanics interests as well as their own interests in bringing this action.

73.     Defendants unlawfully required Plaintiffs and all individuals employed as Field Mechanics to work through their unpaid half-hour meal breaks and before and/or after their scheduled shifts.

74.     At all times during the Collective Period, Defendants, as a matter of common policy and/or practice, have not paid Plaintiffs lawful overtime premiums for all hours worked in excess of 40 hours in a work week.

75.     Plaintiffs seek to proceed as a collective action, pursuant to 29 U.S.C. §216(b), on behalf of themselves and the following class of persons:

**Collective Class:**     All individuals employed by Defendants as Field Mechanics, Field Mechanics, or similar titles, including Leads, at any point during the Collective Period who earned but were not paid lawful FLSA overtime premiums for hours worked over 40 in a work week during the Collective Period based on the practices alleged herein.

76.     Specifically, Plaintiffs' Collective is further defined as involving claims for unpaid overtime compensation for Defendants' practice of forcing Plaintiffs to work "off the clock" and without compensation during unpaid meal breaks and after their scheduled shifts, which they

knowingly suffered and permitted, and/or commonly enforced FLSA recordkeeping practice violations which resulted in unpaid wages.

77. As such, the Named Plaintiffs and the Collective suffered damages for unpaid earned overtime wages under the FLSA in each of the weeks they worked during the Collective Period.

78. Defendants were aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiffs and the Collective, an overtime premium of 1 and ½ times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek.

79. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective.

80. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective, and as such, notice should be sent to the Collective.

81. There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.

82. Those similarly situated employees are known to the Defendants and are readily identifiable through Defendants' records.

**FEDERAL RULE OF CIVIL PROCEDURE
RULE 23 NEW YORK CLASS ALLEGATIONS**

83. Plaintiffs incorporate by reference all of the factual allegations made in the preceding paragraphs.

84.     Plaintiffs seek to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined classes:

**Proposed Class:**     All individuals employed by Defendants as Field Mechanics, Field Mechanics, Leads, or similar titles at any point during the Class Period who earned but were not paid lawful NYLL overtime premiums for hours worked over 40 in a work week and/or their agreed to straight time rate for hours worked under 40 in a workweek during the Class Period based on the practices alleged herein.

85.     Specifically, Plaintiffs' Class is further defined as involving: (i) claims for unpaid overtime compensation for Defendants practice of forcing Plaintiffs to work "off the clock" without compensation during unpaid meal breaks and post-shift, which they knowingly suffered and permitted, (ii) claims for unpaid "gap time" compensation for Defendants practice of forcing Plaintiffs to work "off the clock" without compensation during unpaid meal breaks and post-shift, which they knowingly suffered and permitted, (iii) claims for wage statement and wage notice violations for Defendants' failure to provide Plaintiffs' with accurate wage statements on each payday that include the information required by NYLL §195(3), including the correct number of hours worked during the pay period, and failure to provide wage notices at the start of Plaintiffs employment as required by NYLL § 195(1).

86.     Defendants have violated NYCRR 142-2.2 and NYLL §§ 191, 193 by failing to pay Plaintiffs and the putative class at least one and one-half times the New York state minimum wage for all hours worked over 40 during the Class Period pursuant to the same illegal practices and policies alleged above.

87.     Numerosity:   The Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the Class Period, Defendants employed over 40 people who satisfy the definition of the Proposed Class.

88.     Typicality:     Plaintiffs' claims are typical of those of the Proposed Class.  The Representative Plaintiffs are informed and believe that, like other Field Mechanics and Field Technicians  the Class Members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages, failure to keep adequate records and failure to furnish accurate wage statements.

89.     Superiority:     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

90.     Adequacy:     The Representative Plaintiffs will fairly and adequately protect the interests of the Proposed Class and have retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

91.     Commonality: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

a.     Whether Defendants unlawfully failed to pay lawful overtime premiums for all hours worked over 40 in a workweek for those violations stated above;

b.     Whether those violations were pursuant to a common policy or practice applicable to all class members;

c.     Whether Defendants unlawfully failed to pay "gap time" wages to members of the Proposed Class in violation of the NYLL;

d.     Whether Defendants furnished class members with accurate wage statements on each payday containing the information required by NYLL § 195(3);

e.     Whether Defendants furnished class members with accurate wage notices at the start of their employment containing the information required by NYLL § 195(1);

f.      Whether Defendants kept and maintained records with respect to each hour worked by Plaintiffs and the Proposed Class;

g.      Whether those violations were pursuant to a common policy or practice applicable to all class members;

h.      Whether Defendants employed Plaintiffs and the Proposed Class within the meaning of New York law;

i.      The proper measure of damages sustained by the Proposed Class; and

j.      Whether Defendants' actions were "willful."

92.     The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

93.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the wages to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

94.     Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23.   The names and addresses of the Proposed Class are available from Defendants.

95.     During the class period, and upon information and belief, Plaintiffs each worked more than 1 hour of gap time for which they were not paid the lawful minimum wage under either the NYLL and more than 1 hour of overtime-eligible work during the class and collective class periods for which they were not paid a lawful overtime premium of time and one half of their regular rate of pay.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)

96.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

97.     Plaintiffs consent in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b).  Plaintiffs written consent forms will be filed contemporaneously with this Complaint on the court's docket.   Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

98.     At all relevant times, Defendants have been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs, and the Collective Class members.   At all relevant times, upon information and belief, Defendants have gross operating revenues in excess of $500,000.00.

99.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

100.   During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective members worked in excess of forty hours per workweek without lawful overtime compensation.

101.   Despite the hours worked by Plaintiffs and the Collective members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

102.   Plaintiffs were not paid FLSA mandated overtime premiums uniformly and based on the policies and practices articulated above.

103.   Also, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 20 U.S.C. § 201, et seq.

104.   Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the Collective.

105.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

106.   Because Defendants' violations of the FLSA were willful, a 3-year statute of limitation applies, pursuant to 29 U.S.C. § 255.

107.   Plaintiffs, on behalf of themselves and the Collective, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### (Failure to Pay Lawful Overtime Premiums in Violation of NYCRR § 142.2.2 and Article 19 of the NYLL)

108.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

109.    At all relevant times, Plaintiffs were employees and the Defendants have been employers within the meaning of the New York Labor Law.

110.    The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

111.    Defendants have failed to pay Plaintiffs and the Class the overtime wages to which they were entitled under the New York Labor Law.

112.    By Defendants' failure to pay Plaintiffs and the Class Members premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

113.    Also, Defendants have violated NYCRR 142-2.2 and NYLL §§ 191 and 193 by failing to pay Plaintiffs and the Class at least one and one-half times the minimum wage for all hours worked over 40 in any workweek during the class period.

114.    Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Pay "Gap Time" Wages in Violation of
### NYLL §§ 191, 193 and 652 and Article 19)

115.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

116.    At all relevant times, Plaintiffs were employees and the Defendants have been employers within the meaning of the New York Labor Law.

117.    The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

118.    Defendants have failed to pay Plaintiffs and the Class the difference between the New York State minimum wage and their hourly rate of pay as determined by Defendants for all hours worked in a workweek, a practice that is unlawful under the New York Labor Law.

119.    Specifically, Defendants failure to pay these – known as "gap time" wages under the relevant precedent - is prohibited by Section 193 of the New York Labor Law which expressly prohibits an employer from making unauthorized deductions from employees' wages.

## AS AND FOR A FORTH CAUSE OF ACTION
### (Failure to Furnish Accurate Wage Statements in Violation of NYLL §195(3))

120.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

121.    At all relevant times, Plaintiffs were employees and the Defendants have been employers within the meaning of the New York Labor Law.

122.    The recording keeping provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

123.    Defendants did not provide Plaintiffs and members of the Rule 23 Class with a legally sufficient wage statement upon the payment of wages, as required by NYLL § 195(3).

124.    NYLL §195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria required under the NYLL.

125.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to NYLL § 198, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## AS AND FOR A FORTH CAUSE OF ACTION
### (Failure to Furnish Accurate Wage Statements in Violation of NYLL §195(3))

1.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

2.    At all relevant times, Plaintiffs were employees and the Defendants have been employers within the meaning of the New York Labor Law.

3.    The recording keeping provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

4.    Defendants did not provide Plaintiffs and members of the Rule 23 Class with a legally sufficient wage statement upon the payment of wages, as required by NYLL § 195(3).

5.    NYLL §195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria required under the NYLL.

6.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to NYLL § 198, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

**PRAYER FOR RELIEF**

WHEREFORE, Lead Plaintiffs, on behalf of themselves and all members of the putative class and collective actions, prays for relief as follows:

A.    That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B.    That Defendants are found to have violated the provisions of the New York Labor Law as to Plaintiffs and the Class;

C.    That Defendants are found to have violated the Federal Fair Labor Standards Act as to Plaintiffs and the Collective Class;

D.    That Defendants' violations as described above are found to be willful;

E.    An award to Plaintiffs and the Collective Class and Class Members for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

F.    That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

G.    That Plaintiffs' counsel and Plaintiffs Adam Lipinski, Eric Garcia, and Kamil Kulig can adequately represent the interests of the class as class counsel and class representative, respectively.

H.    An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

I.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

DATED: August 06, 2019

Christopher Q. Davis, Esq.
Rachel M. Haskell, Esq.
The Law Office of Christopher Q. Davis
225 Broadway Suite 1803
New York, New York 10007
646-430-7930 (main)
646-349-2504 (fax)

*Counsel for Plaintiffs and the putative class*