UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM LIPINSKI, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>      vs.<br><br>APPROVED PLUMBING AND FIRE PROTECTION, LLC, APPROVED OIL CO. OF BROOKLYN, INC., VINCENT THEURER and IRA AUSLANDER,<br><br>        Defendants. | Civil Action No.19-CV-04534-AMD-ST |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT AND APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

   This matter came before the Court on the application of the Plaintiff for final approval of the settlement between Plaintiff and Defendants Approved Plumbing and Fire Protection, LLC, Approved Oil Co. of Brooklyn, Inc., Vincent Theurer, and Ira Auslander (together "Approved Plumbing" or "Defendants") as set forth in the Amended Settlement Agreement (the "Settlement," or "Settlement Agreement") preliminarily approved by this Court on May 6, 2021. The Court, having held a Final Fairness Hearing on September 9, 2021, and having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises, and good cause appearing therefore, on this 29th day of November, 2021, finds and orders as follows:

  **I.**  **Background and Procedural History**

  1. All defined terms contained herein shall have the same meanings as set forth in the

Agreement.

2. On August 6, 2019, Plaintiff, together with Eric Garcia and Kamil Kulig, on behalf of themselves and others similarly situated, filed a Class and Collective Action Complaint. Dkt. No. 2.

3. On November 25, 2019, Plaintiff, Garcia, and Kulig, filed an Amended Complaint. Dkt. No. 16.

4. August 7, 2020, Plaintiff filed a Second Amended Class and Collective Action Complaint, identifying himself as the sole representative of potential class members. Dkt. No. 25.

5. The operative Second Amended Complaint was pleaded as a putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., asserting claims for unpaid overtime wages (the "FLSA claims"). The Complaint was also pleaded as a putative class action under Federal Rule of Civil Procedure 23, asserting claims for unpaid overtime wages, deductions from wages, and recordkeeping violations under the New York Labor Law ("NYLL") (the "NYLL claims"). Dkt. No. 25. Plaintiff's claims, inter alia, that Defendants expected or required him and other putative class and collective members to perform work "off the clock," shaved time off his and other class members' recorded working time, and failed to provide him and other class members with accurate wage statements and wage notices. Defendants have disputed, and continue to dispute Plaintiff's allegations in this lawsuit, and Defendants deny any liability for any of the claims that could have been alleged by Plaintiff or the person he seeks to represent.

6. After mediation with an experienced mediator, Plaintiffs and Defendants reached a classwide settlement agreement for $500,000.00.

7. On May 6, 2021, the Court granted preliminary approval. See Dkt. No.32.

Notice was properly given under the Class Action Fairness Act (28 U.S.C. §1715), but neither the Attorney General nor any state attorney general has objected to this settlement.

8. Notice was mailed to the Class consistent with the terms in the Settlement Agreement. The Settlement Administrator reports that this Notice reached over 95% of those class members (63 out of 66). The Notice adequately advised Class Members that they could submit a written exclusion request or object to the Settlement, and how to do so. None of the Class Members timely excluded themselves and none objected. Through August 12, 2021, RG/2 Claims has received 23 Claim Forms for participation in this Settlement.

## II.    Final Settlement Approval

9. Based upon a thorough review of the record, the Court grants final approval of the Amended Settlement Agreement made and entered into on October 15, 2020, by and between the Plaintiffs, individually and on behalf of the Class, as defined below, and Defendants. The Court finds that the terms of the proposed class action Settlement as set forth in the Parties' Settlement Agreement, are fair, reasonable and adequate.

10. For purposes of settlement only, there shall be one Class, defined as follows:

> All individuals who were employed by Approved Plumbing and Fire Protection LLC as Mechanics, Junior Mechanics, Helpers, or substantially similar positions (each a "Covered Position") at any point from February 1, 2016 through July 22, 2020.

All individuals encompassed within the above definition are eligible to participate in this Settlement.

11. The Parties agreed to settle this case for a Gross Settlement Fund of up to five hundred

3

thousand dollars ($500,000.00) Pursuant to the terms of the Settlement Agreement, the "Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions, if approved by the Court, for: (1) Court-approved attorneys' fees of twenty-five percent (25%) of the Gross Settlement Amount, or $125,000; (2) Court-approved litigation costs, up to $50,000, for Class Counsel, which includes the Claims Administrator fees; and (3) Court-approved service award for Lipinski of twenty thousand dollars ($20,000).

12. The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give proper deference to the private consensual decision of the parties but also act as a gatekeeper to protect the putative class. This Court has done both.

13. The strength of Plaintiffs' case on the merits, weighed against Defendants' defenses support approval of the Settlement. There is a genuine issue of overtime exemption under 29 U.S.C. §213(b)(1) that puts any recovery for the Plaintiffs' at risk. Further, the complexity, length, and expense of further litigation (including significant additional discovery, summary judgment briefing, trial and appeals) justify this Settlement as fair and reasonable.

14. Here too, the proposed settlement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution and defense of wage-and-hour class action lawsuits. Plus, Plaintiffs' counsel avers without contradiction that this settlement will result in a class recovery in excess of 75% of the alleged overtime underpayments. That too confirms that this is a fair and reasonable settlement.

15. The terms of the Settlement Agreement have no obvious deficiencies: i.e., the release is specific and not general; there are no confidentiality terms; or and the allocation of the settlement

between Class and their counsel is not disproportionate. Further, this Settlement does not grant preferential treatment to any individual Class Members. These indicia of fairness are confirmed by the fact that no Class Members objected to the Settlement or timely requested exclusion from the Class.

### III. Certification of Rule 23 Settlement Class

16. For purposes of settlement only, the Court certifies the class pursuant to Federal Rule of Civil Procedure ("FRCP") 23. For the purposes of approving this settlement only, that conclusion is supported by the following facts:

   a. The Class of 66 individuals here satisfies Rule 23(a) numerosity and is ascertainable.

   b. The issue of whether class members are or aren't overtime exempt under 29 U.S.C. §213(b)(1) is sufficient to establish common questions of law and fact.

   c. Named Plaintiff's claims are typical of the claims of the Class Members. See, *e.g., Perez v. Isabella Geriatric Center, Inc.*, 2016 WL 5719802, at *2 (S.D.N.Y. 2016) (finding that similar questions satisfied commonality in a Rule 23 wage action).

   d. Named Plaintiff is an adequate representative; there is zero evidence that they have interests that are antagonistic to or at odds with the Class Members.

   e. Christopher Q. Davis, Esq., and Rachel M. Haskell, Esq. of The Law Office of Christopher Q. Davis, PLLC, are likewise adequate representatives as Class Counsel, having served previously as class counsel and as co-class counsel in other matters.

17. This Court has federal question jurisdiction over the FLSA claim under 28 U.S.C.§1331 and , thus, supplemental jurisdiction over the New York Labor Law claims under 28 U.S.C.§1367. As a result, this Court approves the release of all wage and hour claims (both state, local, and federal) in the manner defined in the Settlement Agreement:

    Release. Each Class Member who does not timely opt out pursuant to this Agreement irrevocably and unconditionally waives, releases, and forever discharges any claim against Approved Plumbing and Fire Protection LLC, Approved Oil Co. of Brooklyn, Inc., and their former and present parents and subsidiaries and their officers, directors, employees, partners, shareholders and agents (including Ira Auslander and Vincent Theurer), and any other successors, assigns, or legal representatives (collectively, the "Released Parties") from any and all wage-and hour claims, rights, and causes of action, whether known or unknown, under the New York Labor Law, including without limitation statutory, constitutional, contractual, and common law claims for wages and any damages, costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, restitution, or equitable relief to the extent relating to or deriving from a wage-and-hour claim (including claims for minimum wages, overtime wages, based on deductions from wages, or any other claims for wages) relating to his or her employment with Approved Plumbing and Fire Protection LLC as a Mechanic, Field Mechanic, or Helper (or a substantially similar position with a comparable title according to Defendant's business records) up to and including the date of the Preliminary Approval Order (the "Released State Claims"). The Released State Claims relate to Class Members' employment with Approved Plumbing and Fire Protection LLC from February 1, 2016 through August 21, 2020.

    In addition to claims released in Section 4.1(A), each Participating Class Member fully and finally irrevocably and unconditionally waives, releases, and forever discharges any claim against the Released Parties from Released FLSA Claims. "Released FLSA Claims" means any and all wage and hour claims that were or could have been asserted under the Fair Labor Standards Act, as amended, by or on behalf of Class Members relating to his or her employment with Approved Plumbing and Fire Protection LLC from February 1, 2016 through August 21, 2020.

### IV.    Attorneys Fees and Costs

18. The Court awards Class Counsel a total of one hundred and twenty five thousand dollars ($125,000), representing twenty-eight percent (25%) of the Gross Settlement Amount. See *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007)(holding that "[t]he entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class" and thus fees should be allocated based on "total funds made available, whether claimed or not").

19. That amount of fees is fair and reasonable using the "percentage-of-recovery" method,

which is consistent with the "trend in this Circuit." *McDaniel v. Cty. Of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010);

20. Separately, the Court awards reimbursement to Class Counsel in an amount not to exceed twenty one thousand and forty dollars ($21,040), which includes costs for the Settlement Administrator RG/2, to be paid from the Gross Settlement Fund for costs and expenses incurred by Class Counsel in litigating this matter.

**V.     Conclusion**

21. This action shall be and hereby is dismissed on the merits with prejudice. All Class Members are hereby permanently barred from prosecuting against the Released Parties (as defined in the Settlement Agreement at Section 4) any and all Covered Claims as set forth in Section 4 of the Settlement Agreement.

22. Though the Court retains jurisdiction over this action to effectuate the terms of the Settlement Agreement, including the binding effect of the releases set forth in the Settlement Agreement as to both the Named Plaintiff and Class herein, the judgment is a Final Judgment in accordance with the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement and this Order.

**SO ORDERED:**

_/s_____
Hon. Judge Steven Tiscione

Date: November 29, 2021